**Baljeet SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71238.

United States Court of Appeals, Ninth Circuit.

Submitted July 16, 2004.*

Decided July 22, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Linda S. Wendtland, Esq., Stuart B. Schoenburg, Luis E. Perez, Esq., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Baljeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We grant the petition for review. Because the parties are familiar with the factual and procedural background of this case, we will not recount it here.

** This disposition is not appropriate for publication and may not be cited to or by the

In this case, although both the BIA and the IJ commented extensively on Singh's credibility, neither made an explicit adverse credibility finding. Merely commenting on credibility "does not constitute a credibility finding sufficient for review under the standards we have developed." *Mendoza Manimbao v. Ashcroft*, 298 F.3d 852 (9th Cir.2002) *as amended* 329 F.3d 655, 660 (9th Cir.2003). Where the BIA does not make an explicit adverse credibility finding, we "are required to accept the petitioner's testimony as true." *Hartooni v. INS*, 21 F.3d 336, 343 (9th Cir.1994). The BIA also faulted Singh for not providing corroborating evidence. However, "[i]t is well established in this circuit that the BIA may not require independent corroborative evidence from an asylum applicant who testifies credibly in support of his application." *Kataria v. INS*, 232 F.3d 1107, 1113 (9th Cir.2000). The government relies upon *Chebchoub v. INS*, 257 F.3d 1038, 1045—46 (9th Cir.2001) in which BIA based its adverse credibility finding in part on the failure of the applicant to provide corroborating evidence. However, *Chebchoub* is distinguishable from this case because the BIA in *Chebchoub* made an explicit adverse credibility finding. Here, it did not.

The BIA, affirming the IJ, determined that Singh's evidence was insufficient to sustain his burden and denied relief. While both the BIA and IJ principally relied upon a lack of corroborating evidence, it is apparent that any such evidence was either not properly required of Singh or falls into that class of evidence not easily obtainable.

We therefore grant the Petition for Review and remand pursuant to *INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

L.Ed.2d 272 (2002) (per curiam), for proceedings consistent with this disposition.

PETITION FOR REVIEW GRANTED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.